IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) 1:23-cr-56 (LMB) |
| VINCENT JOSEPH SARIKEY, | ) **REDACTED VERSION** |
| | ) |
| Defendant. | ) |
| | ) |

MEMORANDUM OPINION

Before the Court is the government's Position on Restitution, [Dkt. No. 50], requesting that the defendant Vincent Joseph Sarikey ("defendant" or "Sarikey")—who pursuant to a written Plea Agreement and Statement of Facts pleaded guilty in 2023 to production of child pornography—pay $190,000 in total restitution to 28 victims pursuant to 18 U.S.C. § 2259 and the factors set forth in Paroline v. United States, 572 U.S. 434 (2014). In opposition, the defendant argues that the "appropriate amount of restitution is solely $4,000 for Victim 1 and $3,000 for Victim 2, totaling $7,000 in restitution" because "restitution is only mandatory regarding the named victims in the Statement of Facts." [Dkt. No. 51] at 1. For the reasons that follow, the defendant will be ordered to pay restitution to the 28 victims listed in the government's Position on Restitution in the total amount of $190,000.

I

According to the Statement of Facts, which was agreed to and signed by the defendant, in July 2022, the Federal Bureau of Investigation discovered that, in May 2022, the defendant sent messages to an acquaintance discussing a mutual interest in acquiring and trading images and

videos of underage females and had sent three sexually explicit videos of a minor girl (hereinafter, "Minor Victim 1"). [Dkt. No. 32] at 1. As a result, on October 14, 2022, law enforcement officers executed a federal search and seizure warrant at the defendant's residence in Herndon, Virginia. Id. Law enforcement seized approximately 20 electronic devices from the defendant's home. One such device contained over 700 photos and 255 videos categorized as child pornography, as well as messages between the defendant and Minor Victim 1. Id. at 2-3. Another device contained at least 145 images and 41 videos categorized as child pornography, as well as April 2018 messages between defendant and a twelve-year-old girl ("Minor Victim 2") in which defendant sent Minor Victim 2 sexually explicit videos and tried to coerce Minor Victim 2 to engage in sexually explicit acts.

On March 22, 2023, Sarikey pleaded guilty to one count of production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e). On July 18, 2023, he was sentenced to 300 months' incarceration, a life term of supervised release, and $30,100 in special assessments; however, the Court deferred imposing a final restitution amount because, at the time of sentencing, the government had been unable to solicit restitution requests from 486 identified victims.[1] [Dkt. No. 39] at 32.

On October 3, 2023, the government filed its Position on Restitution, [Dkt. No. 50], requesting the following restitution payments to 28 victims whose images or videos were found on the defendant's devices:

---

[1] Pursuant to the plea agreement, the defendant consented "to the entry of any orders pertaining to restitution after sentencing without limitation." [Dkt. No. 31].

2



[Dkt. No. 50] at 17. The defendant has filed an opposition to the government's request, and the government has filed a reply. [Dkt. Nos. 51, 53].

## II

Under 18 U.S.C. § 2259, sentencing courts must order restitution for any offense under Chapter 110 of Title 18 of the U.S. Code, including receipt and possession of child pornography.

Specifically, a court must direct the defendant "to pay the victim . . . the full amount of the victim's losses, but which is no less than $3,000." A "victim's losses" include "(A) medical services relating to physical, psychiatric, or psychological care; (B) physical and occupational therapy or rehabilitation; (C) necessary transportation, temporary housing, and child care expenses; (D) lost income; (E) reasonable attorneys' fees, as well as other costs incurred; and (F) any other relevant losses incurred by the victim." Id. § 2259(c)(2). The government bears the burden of proving by a preponderance of the evidence "the amount of the loss sustained by a victim as a result of" the defendant's offense. 18 U.S.C. § 3664(e).

Determining appropriate restitution remedies for child-pornography victims is not "a precise mathematical inquiry and involves the use of discretion." Paroline, 572 U.S. at 459. Courts "might, as a starting point, determine the amount of the victim's losses [and] then set an award of restitution in consideration of" the following factors "that bear on the relative causal significance of the defendant's conduct in producing those losses":

> (1) the number of past criminal defendants found to have contributed to the victim's general losses;
>
> (2) reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim's general losses;[2]
>
> (3) any available and reasonably reliable estimate of the broader number of offenders involved (most of whom may never be caught or convicted);
>
> (4) whether the defendant reproduced or distributed images of the victim;

---

[2] The parties agree that the Court should not apply this factor because "there is no way to predict the number of future offenders likely to be caught, convicted and ordered to pay restitution." [Dkt. No. 50] at 19.

4

> (5) whether the defendant had any connection to the initial production of the images;
>
> (6) how many images of the victim the defendant possessed; and
>
> (7) other facts relevant to the defendant's relative causal role.

Id. at 460. Although these factors are meant to aid courts in determining a restitution award, "the guideposts the Supreme Court articulated were suggestions rather than prerequisites." United States v. Dillard, 891 F.3d 151, 161 (4th Cir. 2018).

### III

As an initial matter, defendant's claim that he is required to pay restitution for only Minor Victims 1 and 2 because they are the named victims in the Statement of Facts runs counter to the express language in his Plea Agreement. As part of his Plea Agreement, Sarikey agreed that "victims of the conduct described in the charging instrument, Statement of Facts, or any related or similar conduct are victims within the meaning of 18 U.S.C. § 2259(c) and are entitled to restitution." Id. When asked during the sentencing hearing whether this language in the Plea Agreement meant that the defendant "understood that restitution [would be paid] to any of the children who are depicted in any of the pornography in [the defendant's] possession," defense counsel agreed, noting that "restitution . . . would be for any relevant conduct contained within the statement of facts." [Dkt. No. 52] at 11. Because "[n]either side should be able, any more than would be private contracting parties, unilaterally to renege or seek modification" of a plea agreement "simply because of uninduced mistake or change of mind," United States v. Harvey, 791 F.2d 294, 300 (4th Cir. 1986), and because the 28 victims seeking restitution in this case are depicted in the images identified in the Statement of Facts or are victims of "related or similar"

5

conduct whose images were also possessed by the defendant, each of them is entitled to restitution.

With regard to the amount of restitution each victim should receive, both 18 U.S.C. § 2259 and the Paroline factors support each victim's restitution request. Beginning with the victims' losses, the government has provided over 2,000 pages of documentary evidence to support the victims' economic losses, which include, among other expenses, psychological and medical care. See [Dkt. No. 50] at 10-13; see 18 U.S.C. § 2259 (requiring payment for "the full amount of the victim's losses"). This evidence includes psychological and medical reports, detailing the long-term effects of their sexual exploitation. See United States v. Arce, 49 F.4th 382, 395-96 (4th Cir. 2022) (permitting the district court to set restitution based on expert reports despite them being "somewhat imprecise, somewhat speculative, and somewhat duplicative"). The government has also submitted victim impact statements from the 28 victims or their loved ones that describe the ongoing trauma of having their images continually viewed and possessed. See United States v. Hoskins, 876 F.3d 942, 946 (8th Cir. 2017) (permitting reliance on the victim impact statement and the victim's mother's testimony is setting the restitution amount).

The volume and nature of the images and videos that the defendant possessed further support the government's restitution request. See Paroline, 572 U.S. at 460 (listing "how many images of the victim the defendant possessed" as a factor to be considered in calculating restitution). According to the Federal Bureau of Investigation, the devices seized from the defendant's home contained thousands of photographs and videos that either met the federal definition of child pornography or were classified as exploitative/age-difficult. [Dkt. No. 39] at 18; [Dkt. No. 32] at 2, 4. In support of its restitution request, the government further listed the

6

number of images and/or videos of each victim recovered from the defendant's devices, which defendant did not contest, ranging from one image or video for some victims to over one thousand for others. Moreover, the depictions in this case, which include the sexual abuse of minors ranging from toddlers to teenagers, are especially graphic, abusive, and degrading and support the significant damage that the defendant's conduct has caused. See United States v. Bordman, 896 F.3d 1048, 1059 (8th Cir. 2018) (upholding a restitution award based on "the egregious nature of the video and the severity of the depictions").

IV

For these reasons, the Court will enter a Restitution Order requiring the defendant to pay restitution in the total amount of $190,000. The victims' names, addresses, and respective loss amounts will be listed in Attachment A to the Restitution Order, which will be filed under seal.

The Clerk is directed to forward copies of the Memorandum Opinion and Restitution Order to counsel of record.

Entered this 1st day of August, 2024.

Alexandria, Virginia

/s/ *[signature]*
Leonie M. Brinkema
United States District Judge